UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KATHLEEN HERMAN and JEFFREY GHIAZZA,

                             Plaintiffs,              **OPINION & ORDER**

    - against -                                             No. 18-CV-2440 (CS)

TOWN OF CORTLANDT, INC., et al.,

                             Defendants.
-------------------------------------------------------------x

<u>Appearances</u>:

Kathleen Herman
Jeffrey Ghiazza
Pleasant Valley, New York
*Plaintiffs Pro Se*

Paul E. Svensson
Hodges Walsh Messemer & Burke, LLP
White Plains, New York
*Counsel for Defendants*

<u>Seibel, J.</u>

    Before the Court is Defendants' unopposed motion to dismiss Plaintiffs' Complaint. (Doc. 46.)

**I.    BACKGROUND**

    **A.    Facts**

    I accept as true the facts, but not the conclusions, set forth in Plaintiffs' Complaint. (Doc. 1 at 1-8 ("Compl.").)[1]

    Plaintiffs Kathleen Herman and Jeff Ghiazza were the owners of a mobile home situated in lot 45 of the Riveredge Mobile Home Park located on Riverview Avenue in the Town of

---

[1] All citations to Document 1 refer to the pagination generated by the Court's Electronic Case Filing ("ECF") System.

Cortlandt, New York (the "Town"). (*Id.* at 1; *id.* ¶ 20.) Defendants include the Town and several of its board members and employees, who are sued in both their individual and official capacities. (*See id.* ¶¶ 6-19.) On or about February 22, 2016, Plaintiffs found that their mobile home in the park was gone. (*Id.* ¶ 21.) They later learned that the Town's employee Robert Dykeman, "under instruction and order" from the Town, broke into and thereafter demolished Plaintiffs' mobile home. (*Id.*) On February 23, Ghiazza went to the New York State Police Troop K substation located in the Town to report the theft of Plaintiffs' property. (*Id.* ¶ 22.) The Town had previously sent numerous letters offering to purchase the Plaintiffs' property, all of which Plaintiffs refused. (*Id.* ¶ 25; *see id.* Exs. 4-12.)[2] Plaintiffs were renting the home to a tenant for $850 per month, resulting in annual rental income of $10,200. (*Id.* ¶ 26.) Plaintiffs were using the income to make mortgage payments on their primary residence located in Pleasant Valley. (*Id.* ¶ 27.) Plaintiffs had been upgrading their mobile home at the time it was demolished. (*Id.* ¶ 28.) The Town offered $3,000 in compensation, which Plaintiffs refused. (*Id.* at 37-43 ("Ps' Aff.") ¶ 12.)

On March 23, 2016, Plaintiffs filed an information request pursuant to New York's Freedom of Information Law ("FOIL"), N.Y. Pub. Off. Law § 84, *et seq.* (McKinney 2019),[3] to

---

[2] The Town was apparently purchasing mobile homes in the mobile home park because it planned to turn the land, which it obtained in lieu of taxes, into a public park. (Compl. Ex. 1; *see LaForgia v. Hoch*, No. 15-CV-8589, 2018 WL 4682019, at *1 (S.D.N.Y. Sept. 28, 2018).)

[3] Plaintiffs refer interchangeably to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and New York's FOIL, alleging that their March 23, 2016 and April 29, 2016 information requests were filed pursuant to both FOIA and FOIL. (*See* Compl. ¶¶ 23, 37-38.) Plaintiffs' allegations that their information requests were filed pursuant to FOIA are belied by the information requests attached as exhibits to the Complaint. First, the March 23, 2016 request expressly states that the information request is filed pursuant to FOIL. (*Id.* Ex. 2 at 15. ("Freedom of Information requests are pursuant to the N.Y. State Freedom of Information law, Article 6 of the Public Officers Law.")) Second, although the April 29, 2016 information request does not state whether the request falls under FOIA or FOIL, the information request is directed

obtain information from Defendants about the demolition of their mobile home. (Compl. ¶ 23; *see id.* Ex. 2.) Following this request, Defendants provided only the previous offers from the Town to acquire Plaintiffs' property, but not the documents Plaintiffs requested. (*See id.* ¶ 37.) Plaintiffs made a second FOIL request on April 29, 2016, which they allege was ignored. (*Id.* ¶¶ 38-39; *see id.* Ex. 2.)

B. **Procedural History**

Plaintiffs filed this action on March 19, 2018. (Compl.) On June 15, Defendants filed a letter with the Court requesting a pre-motion conference, (Doc. 24), which, after an adjournment, the Court held on August 21, 2018, and granted Plaintiffs leave to amend the Complaint by October 5, 2018, in advance of Defendants' motion to dismiss, (Minute Entry dated Aug. 21, 2018). By letter dated October 2, 2018, Plaintiffs objected to the April 2, 2018 reassignment of the case from the Court's Manhattan courthouse to its White Plains courthouse. (Doc. 38.) Two days later, I declined to entertain the application to return the case to Manhattan. (*Id.*) On

---

to the Town of Cortlandt, a state governmental entity, which is governed by FOIL and not FOIA. (*Id.* at 16; *see Reed v. Medford Fire Dep't, Inc.*, 806 F. Supp. 2d 594, 607 (E.D.N.Y. 2011) ("[T]he Second Circuit has explicitly stated that . . . it is beyond question that FOIA applies only to federal and not to state agencies.") (internal quotation marks omitted).) The Court's obligation to construe *pro se* submissions liberally does not require the Court to accept allegations that are contradicted by documents incorporated by reference in or attached to the complaint. *See, e.g.*, *Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397, 399-400 (S.D.N.Y. 2002) (because "a court may consider documents attached to the complaint as exhibits, or incorporated by reference, as well as any documents that are integral to, or explicitly referenced in, the pleading" in considering a motion under Federal Rule of Civil Procedure 12(b)(6), "[i]f a plaintiff's allegations are contradicted by such a document, those allegations are insufficient to defeat a motion to dismiss"). Accordingly, for purposes of this motion, I do not accept as true Plaintiffs' allegations that their information requests were filed pursuant to FOIA.

3

October 12, Plaintiffs filed another letter requesting that I reconsider my denial of that request, (Doc. 39), which I denied the same day, (Doc. 40). Plaintiffs never filed an amended complaint.

On October 24, 2018, Defendants filed their motion to dismiss, (Doc. 46), declaration of counsel and accompanying exhibits, (Doc. 47), and memorandum of law, (Doc. 48 ("Ds' Mem.")). On November 8, 2018, Plaintiffs requested a stay of their deadline to file opposition to the motion, in order to seek appellate review of the assignment of the case to the White Plains courthouse, an application that I denied by memo endorsement the next day. (Doc. 50.) In that memo endorsement, I extended Plaintiffs' deadline to file opposition papers from November 13, 2018, (Minute Entry dated Aug. 21, 2018), to November 26, 2018, (Doc. 50). Plaintiffs did not file anything. On December 14, 2018, still not having received Plaintiffs' opposition papers, I deemed the motion fully submitted. (Doc. 53.) On January 14, 2019, Plaintiffs filed a motion requesting leave to amend their complaint, (Doc. 54), which I denied the next day, (Doc. 55).[4]

## II. MOTION TO DISMISS

### A. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires

---

[4] On March 28, 2019, the Second Circuit denied Plaintiffs' petition for a writ of mandamus. (Doc. 56.)

4

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration, citations, and internal quotation marks omitted).  While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 678-79.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief."  *Id.* at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'"  *Id.* (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

Complaints made by *pro se* plaintiffs are to be examined with "special solicitude," interpreted "to raise the strongest arguments that they suggest," *Shibeshi v. City of N.Y.*, 475 F. App'x 807, 808 (2d Cir. 2012) (summary order) (emphasis and internal quotation marks omitted),[5] and "held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted).  Nevertheless, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and district courts "cannot invent factual allegations" that the

---

[5] The Court will send to Plaintiffs copies of all unpublished decisions cited in this Opinion and Order.

5

plaintiff has not pleaded. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted).

## B. Documents Properly Considered

When deciding a motion to dismiss, a court is entitled to consider:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents integral to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint . . . , and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Weiss v. Inc. Village of Sag Harbor*, 762 F. Supp. 2d 560, 567 (E.D.N.Y. 2011) (internal quotation marks omitted). When a court takes judicial notice of a document on a motion to dismiss, it should generally do so only "to determine what statements [the documents] contain [ ] . . . not for the truth of the matters asserted." *Schubert v. City of Rye*, 775 F. Supp. 2d 689, 698 (S.D.N.Y. 2011) (alterations in original) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).

Plaintiffs attached the following exhibits to their Complaint: (1) Plaintiffs' New York State Police robbery report dated February 23, 2016, (Compl. Ex. 1); (2) Plaintiffs' two FOIL requests dated March 23, 2016 and April 29, 2016, (*id.* Ex. 2); (3) Plaintiffs' lease for their mobile home lot dated October 2, 1996, (*id.* Ex. 3); (4) the Town's offers to purchase Plaintiffs' mobile homes, (*id.* Exs. 4-12); (5) copies of rent checks sent to Plaintiffs, (*id.* Exs. 13-15), and (6) their notice of claim dated April 11, 2016, (*id.* Ex. 16). Plaintiffs also attached their joint affidavit, (Ps' Aff.), with exhibits including a June 24, 1940 deed, (*id.* Ex. 1), and additional copies of various exhibits already attached to the Complaint, (*id.* Exs. 2-5). Defendants attached two exhibits to their declaration of counsel: (1) Plaintiffs' Complaint, (Doc. 47 Ex. A), and (2)

an order and opinion by Judge Kenneth M. Karas in *LaForgia v. Hoch*, No. 15-CV-8589, 2018 WL 4682019 (S.D.N.Y. Sept. 28, 2018), (Doc. 47 Ex. B).

I will consider Plaintiffs' joint affidavit. *See Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) (considering on motion to dismiss affidavit incorporated by reference into *pro se* complaint); *see also Sofia v. Esposito*, No. 17-CV-1829, 2018 WL 1755484, at *2 (S.D.N.Y. Apr. 10, 2018) (affidavit attached to opposition papers properly considered on motion to dismiss *pro se* complaint). I will also consider the exhibits attached by Plaintiffs, *see Weiss*, 762 F. Supp. 2d at 567, as well as Plaintiffs' Complaint (obviously), *see Condit v. Dunne*, 317 F. Supp. 2d 344, 357 (S.D.N.Y. 2004) ("As defendant moves to dismiss under Rule 12(b)(6), the Court properly takes into consideration the complaint in deciding the motion."), and Judge Karas's opinion and order, *see Lakonia Mgmt. Ltd. v. Meriwether*, 106 F. Supp. 2d 540, 543 (S.D.N.Y. 2000) ("[C]ourts may also consider matters of public record."). I disregard the arguments and factual assertions in Defendants' counsel's declaration. *See Dell's Maraschino Cherries Co., Inc. v. Shoreline Fruit Growers, Inc.*, 887 F. Supp. 2d 459, 465 n.3 (E.D.N.Y. 2012) (legal argument in affidavit "plainly improper"); *Car-Freshner Corp. v. Getty Images, Inc.*, 822 F. Supp. 2d 167, 174-75, 75 n.12 (N.D.N.Y. 2011) (court "may not properly consider" "sworn factual assertions" in attorney affidavit on Rule 12(b)(6) motion); *Anderson v. County of Nassau*, 297 F. Supp. 2d 540, 545 (E.D.N.Y. 2004) (declining to take judicial notice of facts in attorney affidavit on motion to dismiss despite fact that "Court does not doubt the reliability of the facts in th[e] affidavit"); *Degrosiellier v. Solomon & Solomon, P.C.*, No. 00-CV-1065, 2001 WL 1217181, at *2 (N.D.N.Y. Sept. 27, 2001) ("Because the Court declines to consider any factual averments contained in defense counsel's supporting affidavit . . . , it is not necessary to either

7

strike portions of the affidavit and/or convert defendant's motion to one for summary judgment . . . .").

## III. DISCUSSION

Plaintiffs' Complaint brings claims under 42 U.S.C. § 1983 for violations of their Fifth, Seventh, and Fourteenth Amendment rights, (Compl. ¶¶ 31-36), and for violations of FOIA, 5 U.S.C. § 552, (*id.* ¶¶ 37-39). It is not clear from the face of Plaintiffs' Complaint whether their claim under the Fifth Amendment is limited to the Takings Clause, which they specifically reference, (*id.* ¶ 29), or if they intended to raise procedural and substantive due process violations, as Defendants surmised when they moved to dismiss, (Ds' Mem. at 10-12). It is also not clear whether Plaintiffs' passing reference to negligent infliction of emotional distress, (Compl. ¶ 28), was intended to raise such a claim. In interpreting Plaintiffs' Complaint "to raise the strongest arguments that they suggest," *Shibeshi*, 475 F. App'x at 808, however, I will consider Plaintiffs' Fifth Amendment claims under the Takings and Due Process Clauses, and I will assume that Plaintiffs intended to raise a claim of negligent infliction of emotional distress.[6]

### A. Due Process and Takings Claims

Defendants argue that Plaintiffs have failed to exhaust available state remedies, and thus Plaintiffs' takings claim and due process claims must be dismissed as not yet ripe for adjudication. (*See* Ds' Mem. at 8-12.) I agree.

---

[6] Plaintiffs' reliance on the guarantee of a right to trial by jury under the Seventh Amendment to the United States Constitution, (*see* Compl. ¶ 36), is misplaced. The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const. amend. VII. Accepting Plaintiffs' allegations as true, nothing Defendants have done implicates Plaintiffs' right to a jury trial, so Plaintiffs' Seventh Amendment claim is dismissed.

8

Ripeness is a jurisdictional inquiry, *see, e.g.*, *Island Park, LLC v. CSX Transp.*, 559 F.3d 96, 110 (2d Cir. 2009), and accordingly the Court "must presume that [it] cannot entertain [Plaintiffs'] claims unless the contrary appears affirmatively from the record," *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005) (internal quotation marks omitted). The concept of ripeness is "rooted in Article III's case or controversy requirement and the prudential limitations on the exercise of judicial authority." *S&R Dev. Estates, LLC v. Bass*, 588 F. Supp. 2d 452, 460 (S.D.N.Y. 2008). The ripeness doctrine "ensure[s] that a dispute has generated injury significant enough to satisfy the case or controversy requirement of Article III of the U.S. Constitution." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 90 (2d Cir. 2002). It also prevents courts from "entangling [themselves] in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur, depending on the final administrative resolution." *Id*. The ripeness requirement defers federal review of claims until they have "arisen in a more concrete and final form." *Murphy*, 402 F.3d at 347.

All takings claims are subject to the prudential finality and exhaustion requirements set forth in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985).[7] *See Kurtz v. Verizon N.Y., Inc.*, 758 F.3d 506, 512–13 (2d Cir. 2014) ("*Williamson County* applies to *all* takings claims.") (emphasis in original). A federal takings

---

[7] On January 16, 2019, the Supreme Court heard a second round of oral arguments in *Knick v. Township of Scott*, No. 17-647 (Nov. 2, 2017). The writ of certiorari was limited to one question: "Whether the Court should reconsider the portion of *Williamson* . . . requiring property owners to exhaust state court remedies to ripen federal takings claims." Petition for Writ of Certiorari at i, *Knick v. Township of Scott*, No. 17-647 (Oct. 31, 2017) (citation omitted). With no indication as to which way the Court will decide the issue or, if the Court overturns the *Williamson* finality rule, whether the Court's decision will be limited to federal takings claims only, that rule remains the law of this Circuit, and I apply it here.

claim is not ripe unless "(1) the agency involved has reached a final decision and (2) the plaintiff has sought and failed to receive adequate compensation through available state procedures." *Caldarola v. Town of Smithtown*, No. 09-CV-272, 2010 WL 6442698, at *7 (E.D.N.Y. July 14, 2010), *report and recommendation adopted*, 2011 WL 1336574 (E.D.N.Y. Apr. 4, 2011). The *Williamson* finality requirement has been extended to substantive and procedural due process claims in the land use context. *See Kowalczyk v. Barbarite*, 594 F. App'x 690, 692 (2d Cir. 2014) (summary order) (applying finality requirement to procedural due process); *Dougherty*, 282 F.3d at 88-89 (applying finality requirement to substantive due process); *Southview Assocs. Ltd. v. Bongartz*, 980 F.2d 84, 96-97 (2d Cir. 1992) (same).

Plaintiffs have satisfied the first requirement for a federal takings claim to be ripe – finality – because they have adequately pleaded that the Town perpetrated a physical taking of their mobile home. *See Kurtz*, 758 F.3d at 513 ("While *Williamson County* applies to regulatory and physical takings alike, a physical taking in itself satisfies the need to show finality."); *Juliano v. Montgomery-Otsego-Schoharie Solid Waste Mgmt. Auth.*, 983 F. Supp. 319, 323 (N.D.N.Y. 1997) ("[A]n alleged physical taking is by definition a final decision for the purpose of satisfying *Williamson's* first requirement.").

But Plaintiffs' property takings claims and procedural due process claims are unripe under the second *Williamson* prong because Plaintiffs have not alleged that they availed themselves of state procedures that could have provided them with adequate compensation for their takings claim. *See Williamson*, 473 U.S. at 194 ("The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation."). "As long as the State has a 'reasonable, certain and adequate provision for obtaining compensation,' an aggrieved party must obtain recourse through that means before bringing a takings claim in federal court."

*R-Goshen LLC v. Village of Goshen*, 289 F. Supp. 2d 441, 449 (S.D.N.Y. 2003) (quoting *Williamson*, 473 U.S. at 194), *aff'd sub nom. R-Goshen LLC v. Andrews*, 115 F. App'x 465 (2d Cir. 2004) (summary order). Indeed, New York has such procedures, *see Vandor, Inc. v. Militello*, 301 F.3d 37, 39 (2d Cir. 2002) (takings claim unripe because plaintiff failed to bring Article 78 proceeding; "under New York State law, Article 78 is a form of proceeding available to compel public officials to comply with their responsibilities" and "is constitutionally sufficient"); *R-Goshen*, 289 F. Supp. 2d at 449 (discussing provisions of New York State Constitution and Eminent Domain Procedure Law that would satisfy second *Williamson* prong),[8] but Plaintiffs failed to pursue them.[9] Accordingly, Plaintiffs' takings claim and procedural due process claims fail on ripeness grounds,[10] and such claims are "dismissed without prejudice to refiling if and when Plaintiffs take the requisite actions necessary to make the claim ripe for review on the merits." *TZ Manor, LLC v. Daines*, 815 F. Supp. 2d 726, 735 (S.D.N.Y. 2011); *see Country View Estates @ Ridge LLC v. Town of Brookhaven*, 452 F. Supp. 2d 142, 144 (E.D.N.Y. 2006) (dismissing claims without prejudice on ripeness grounds).[11]

---

[8] The New York State Constitution provides that "[p]rivate property shall not be taken for public use without just compensation." N.Y. Const. art. I, § 7(a).

[9] Plaintiffs allege that they filed a notice of claim but "no 50(h) hearing was ever scheduled," (Compl. ¶ 36), by which they may mean to suggest they attempted to pursue the matter in state court. New York General Municipal Law § 50-h permits municipalities to question under oath individuals who have indicated their intent to sue by filing a notice of claim. N.Y. Gen. Mun. Law § 50-h (McKinney 2019). But the municipality is not required to hold such a hearing, and its failure to do so is no impediment to a plaintiff suing. *Id.* § 50-h(5). Plaintiffs' notice of claim therefore does not satisfy *Williamson's* second prong.

[10] Even if Plaintiffs' claims were ripe, it seems doubtful that Plaintiffs could state a claim against the individual Defendants. But I need not reach those issues.

[11] The statute of limitations for instituting an Article 78 petition is generally four months. N.Y. C.P.L.R. § 217(1) (McKinney 2019). That period has passed, and Plaintiffs offer no argument for equitable tolling or a different limitations period. "A claimant cannot be permitted to let the time for seeking a state remedy pass without doing anything to obtain it and then proceed in

Even apart from ripeness, the availability of state remedies, whether or not Plaintiffs pursued them, means no deprivation of due process occurred. *See Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991) ("[W]here a plaintiff alleges deprivation of property in violation of the due process clause, the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts. If so, there will be no claim before the federal court, whether or not the plaintiff took advantage of the state procedure."). Indeed, "[i]f the state provides an adequate alternative remedy the loss of property is not without due process of law. The existence of the alternative remedy supplies the 'due process' and there is no 'deprivation' of a property interest by the state." *Bates v. N.Y.C. Transit Auth.*, 721 F. Supp. 1577, 1581 (E.D.N.Y. 1989) (citing *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)).

Finally, Plaintiffs' substantive due process claim fails. "[W]here a specific constitutional provision prohibits government action, plaintiffs seeking redress for that prohibited conduct in a § 1983 suit cannot make reference to the broad notion of substantive due process." *Velez v. Levy*, 401 F.3d 75, 94 (2d Cir. 2005); *see Ford Motor Credit Co. v. N.Y.C. Police Dep't*, 394 F. Supp. 2d 600, 618 n.9 (S.D.N.Y. 2005) ("[W]hen another provision of the Constitution contains a more explicit protection against a particular type of government conduct, that provision applies and not the more generalized notion of substantive due process.") (internal quotation marks omitted), *aff'd*, 503 F.3d 186 (2d Cir. 2007). Plaintiffs' claims that Defendants violated their

---

federal court on the basis that no state remedies are open." *Vandor*, 301 F.3d at 39 (alteration and internal quotation marks omitted). Thus, although the merits of Plaintiffs' takings claim are unripe, it does not appear that they can ever ripen, which could allow me to dismiss the claim with prejudice. *See id.* But because neither side has addressed whether the statute of limitations has run on other possible state remedies, I dismiss the takings claim without prejudice in an excess of caution.

substantive due process rights are merely a reiteration of their takings claim.  Thus, while framed as a substantive due process claim, this cause of action is "at best redundant and subsumed in [their] other claims."  *Hubbard v. Hanley*, No. 09-CV-10265, 2010 WL 1914989, at *5 (S.D.N.Y. May 12, 2010).  Accordingly, Plaintiffs' substantive due process claims are dismissed.  *See Ford Motor Credit*, 394 F. Supp. 2d at 618 n.9 ("[Plaintiff] may not properly invoke the doctrine of substantive due process to advance what is essentially a takings claim . . . .").[12]

### B. FOIA and FOIL Claims

Plaintiffs' second cause of action under § 1983 is for violations of both FOIA and FOIL stemming from the Town's failure to provide records pursuant to Plaintiffs' two requests for information relating to the demolition of their mobile home.  (Compl. ¶¶ 37-39.)  As previously discussed, contrary to Plaintiffs' allegations, Plaintiffs' information requests were filed pursuant to New York's FOIL, not the federal statute FOIA.  (*See supra* n.2.)  Indeed, FOIA does not apply to state agencies, such as the Defendants here.  *See Abdur-Rashid v. N.Y.C. Police Dep't*, 992 N.Y.S.2d 870, 875 (Sup. Ct. 2014), *aff'd*, 31 N.Y.3d 217 (2018).  And a violation of New York's FOIL does not, standing alone, support a § 1983 claim.  *See P.C. v. McLaughlin*, 913 F.2d 1033, 1045 (2d Cir. 1990) ("[L]iability . . . under § 1983 must be based on a violation of federal constitutional or statutory law, not state law.").  "[T]here is no violation of a federal constitutional or statutory right from a municipality's inadequate response to a FOIL request."  *Hudson v. County of Dutchess*, 51 F. Supp. 3d 357, 371 (S.D.N.Y. 2014) (collecting cases).  "Instead, an allegedly wrongful denial of a FOIL request is a matter of state law that is to be

---

[12] The Court hopes the Town will consider making another offer of compensation, even if it is not obliged to, given that it apparently does not dispute that its employee had no right to destroy Plaintiffs' property.

13

addressed in an Article 78 proceeding." *Id.* Accordingly, any § 1983 claim Plaintiffs mean to advance based on the alleged denial of their FOIL application is dismissed.

### C. State Law Claims

In addition to their federal claims, I further construe Plaintiffs' Complaint to suggest that Defendants' demolition of their mobile home amounted to the negligent infliction of emotional distress. (Compl. ¶ 28.) They may also mean to bring a standalone FOIL claim. The "traditional 'values of judicial economy, convenience, fairness, and comity'" weigh in favor of declining to exercise supplemental jurisdiction where all federal law claims are eliminated before trial. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Having determined that all of the claims over which this Court has original jurisdiction should be dismissed, and having considered the factors set forth in *Cohill*, I decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law causes of action. *See id*. (citing 28 U.S.C. § 1367(c)(3)).

## IV. LEAVE TO AMEND

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). It is "within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment . . . .'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

A *pro se* plaintiff should be allowed an opportunity to amend the complaint prior to dismissal for failure to state a claim. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999) (*per curiam*). Plaintiffs did not amend, despite having been given leave to do so after receiving the benefit of a pre-motion letter from Defendants, (Doc. 24), as well as the Court's observations during a pre-motion conference, (Minute Entry dated Aug. 21, 2018). Under these circumstances, I need not permit amendment now. *See Berman v. Morgan Keegan & Co.*, 455 F. App'x 92, 97 (2d Cir. 2012) (summary order); *Rosner v. Star Gas Partners, L.P.*, 344 F. App'x 642, 645 (2d Cir. 2009) (summary order); *Driessen v. Royal Bank Int'l*, No. 14-CV-1300, 2015 WL 1245575, at *3 (D. Conn. Mar. 18, 2015); *Caractor v. City of N.Y. Dep't of Homeless Servs.*, No. 11-CIV-2990, 2011 WL 5865146, at *3 (S.D.N.Y. Nov. 22, 2011); *Prince v. Suffolk Cty. Dep't of Health Servs.*, No. 89-CV-7243, 1995 WL 144782, at *9 (S.D.N.Y. Apr. 3, 1995).

Months after their deadline to amend, Plaintiffs asked to amend and presented a proposed Amended Complaint. (Doc. 54 at 6-13.)[13] I denied that application, but even if I allowed Plaintiffs to file the Amended Complaint now, a renewed motion to dismiss would come out the same way because the issues fatal to Plaintiffs' Complaint are substantive and cannot be cured by better pleading. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Accordingly, the Court declines to grant leave to amend. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (denial of leave to amend would be proper where "request gives no clue as to how the complaint's defects would be cured") (internal quotation marks omitted); *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (plaintiff need not be given leave to amend if he fails to specify how amendment would cure the pleading

---

[13] This citation refers to the document's ECF pagination.

deficiencies in his complaint); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (proper to dismiss with prejudice where no indication plaintiff could or would provide additional allegations leading to different result).

## V.     CONCLUSION

Accordingly, Defendants' motion to dismiss is GRANTED. The takings claim is dismissed without prejudice. The due process claims are dismissed with prejudice. Any state law claims are dismissed without prejudice. The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 46), and close the case.

**SO ORDERED.**

Dated:  May 30, 2019
       White Plains, New York

                                                CATHY SEIBEL, U.S.D.J.