UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
KATHLEEN HERMAN and JEFFREY GHIAZZA,

                        Plaintiffs,                      **ORDER**

   - against -                                  No. 18-CV-2440 (CS)

TOWN OF CORTLANDT, INC., *et al.*,

                        Defendants.
---------------------------------------------------------------x

Appearances:

Kathleen Herman
Jeffrey Ghiazza
Pleasant Valley, New York
*Plaintiffs Pro Se*

Paul E. Svensson
Hodges Walsh Messemer & Burke, LLP
White Plains, New York
*Counsel for Defendants*

Seibel, J.

      By Order dated December 6, 2019, (Doc. 62), I ordered Defendants to show cause why I should not reopen Plaintiffs' case under Federal Rule of Civil Procedure 60. Defendants submitted a response on December 18, 2019, (Doc. 63), and Plaintiffs submitted what appears to be a motion for a preliminary injunction on December 26, 2019, (Doc. 65). Familiarity with prior proceedings in the case and with the standards governing Rule 60 motions is presumed.

      Defendants all but concede that Plaintiffs are entitled to relief from judgment with respect to their takings claim. They acknowledge that *Knick v. Township of Scott, Pennsylvania*, 139 S.Ct. 2162 (2019), vitiates the basis – failure to exhaust state remedies – on which I dismissed the takings claim, but suggest that Plaintiffs still fail on the finality prong of *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), because

the mistaken destruction of Plaintiffs' property does not represent a final decision by the Town. But as I held in my May 30, 2019 Opinion & Order, (Doc. 57 ("the Order")), a physical taking suffices to meet the finality requirement. *See Kurtz v. Verizon N.Y., Inc.*, 758 F.3d 506, 513 (2d Cir. 2014); *Juliano v. Montgomery-Otsego-Schoharie Solid Waste Mgmt. Auth.*, 983 F. Supp. 319, 323 (N.D.N.Y. 1997). Thus Defendants have not shown cause why the case should not be reopened, at least insofar as the takings claim is concerned.

For the alternative reasons stated in the Order, however, the procedural due process and substantive due process claims remain invalid. The FOIA claim likewise remains invalid. So there will be no relief from judgment as those claims.

Defendants raise additional arguments: that the official capacity claims are duplicative of the claims against the Town; the FOIL claim is unexhausted; the state-law property damage claim is time-barred; Plaintiffs fail to plead the personal involvement of the individual Defendants; and the negligent infliction of emotional distress claim fails to state a cause of action. While many of these arguments appear to be well taken, the Court believes the most efficient way to proceed is to have a conference at which the Court will attempt to determine whether – now that there is a viable takings claim against which the Town does not appear to contend it has a valid defense – the parties would be better off attempting to settle the case with the assistance of a mediator or Magistrate Judge.

Accordingly, the Order and the corresponding Judgment, (Doc. 58), are vacated, except insofar as the due process and FOIA claims are concerned, and Defendants may raise their remaining arguments at a later date, if appropriate.

The motion for a preliminary injunction is denied. Plaintiffs have not shown any irreparable harm not redressable by money damages, let alone that any such harm is imminent. *See, e.g.*, *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009).

The parties are directed to appear before the Court on January 29, 2020 at 2:30 pm for a status conference. The Clerk of Court is respectfully directed to: 1) vacate Docs. 57 and 58; 2) reopen the case; and 3) send a copy of this Order to Plaintiffs.

**SO ORDERED.**

Dated: December 27, 2019
       White Plains, New York

                                              CATHY SEIBEL, U.S.D.J.