UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KATHLEEN HERMAN and JEFF GHIAZZA,

                                          Plaintiffs,

   - against -

TOWN OF CORTLANDT, INC., CHRIS KEHOE,
Employee and Personally, and ROBERT
DYKEMAN, Employee and Personally,

                                          Defendants.
-------------------------------------------------------------x

**OPINION & ORDER**

No. 18-CV-2440 (CS)

Appearances:
Kathleen Herman
Jeff Ghiazza
Pleasant Valley, New York
*Pro Se Plaintiffs*

Kimberly Hunt Lee
McCabe & Mack LLP
Poughkeepsie, New York
*Counsel for Defendant Robert Dyckman*

Seibel, J.

      Before the Court is the motion for judgment on the pleadings, or in the alternative for summary judgment, of Defendant Robert Dyckman ("Defendant" or "Dyckman"),[1] (ECF No. 192). For the following reasons, the Court declines to convert Defendant's motion into one for summary judgment, and Defendant's motion for judgment on the pleadings is GRANTED.

---

[1] Defendant is incorrectly sued here as "Robert Dykeman." (*See, e.g.*, ECF No. 1 ¶ 16.) The Court will use the proper spelling of his surname – Dyckman, (*see* ECF No. 196 ("D's Mem.") at 1) – throughout this Opinion and Order.

I.     **BACKGROUND**

A.     **Facts**

For the purposes of this motion, I accept as true the facts, but not the conclusions, set forth in Plaintiffs' Complaint.  (*See* ECF No. 1 ("Compl.").)[2]

---

[2] Although ultimately immaterial because the motion is being decided as a matter of law, the Court notes that Plaintiff Ghiazza's response to Defendant's Local Civil Rule ("LR") 56.1 Statement, (*see* ECF No. 193 ("D's 56.1 Stmt."); ECF No. 212 ("P's 56.1 Resp.")), is deficient as it:  (1) fails to comply with LR 56.1, which requires the party opposing summary judgment to include "correspondingly numbered paragraph[s] responding to each numbered paragraph in the statement of the moving party," LR 56.1(b), and to support each such paragraph with "citation to evidence that would be admissible," *id.* 56.1(d); (2) improperly disputes one of Defendant's asserted facts by stating that he "has no knowledge of the truth or falsity" of the asserted fact at issue, (P's 56.1 Resp. ¶ 3); *see Scarpinato v. 1770 Inn, LLC*, No. 13-CV-955, 2015 WL 4751656, at *2 n.3 (E.D.N.Y. Aug. 11, 2015) (response that plaintiff "denies possessing knowledge or information sufficient to form a belief as to the truth or the veracity of [the opposing party's] statements" is "flatly inappropriate" after discovery has concluded); (3) disputes assertions that "Dyckman had no role in determining what trailer would be demolished or when and had no authority to make such a decision," (D's 56.1 Stmt. ¶ 7), and that "Dyckman was directed by his supervisor to demolish the [Trailer]," (*id.* ¶ 8), by claiming that Dyckman "is a high school graduate and would be aware of the Constitutional barriers against a municipality taking private property without due process and just compensation," (P's 56.1 Resp. ¶¶ 7-8), thus "improperly interject[ing] arguments and/or immaterial facts in response to facts asserted by Defendant[]," *Baity v. Kralik*, 51 F. Supp. 3d 414, 418 (S.D.N.Y. 2014), rather than directly responding to those assertions; (4) inappropriately notes that other trailers "involved owners who had accepted 'buyouts' from the Town, which plaintiff had rejected," while not disputing the underlying fact asserted by Defendant, (Ps' 56.1 Resp. ¶ 9); *see Ostreicher v. Chase Bank USA, N.A.*, No. 19-CV-8175, 2020 WL 6809059, at *1 n.1 (S.D.N.Y. Nov. 19, 2020) ("There is no provision for a responsive 56.1 Statement to include additional facts that are not in dispute but that a party opposing summary judgment simply thinks are important; any additional facts should be confined to material facts in dispute."); and (5) fails to comply with item 2.C.i of my individual practices, which requires the opposing party to reproduce each entry in the moving party's Rule 56.1 Statement before setting out its response thereto, and thereby defeats the purpose of my individual practice, which is designed to prevent the Court from having to go back and forth between the Rule 56.1 Statement and the response.  (Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.)  (The Court will send Plaintiffs copies of any unpublished decisions cited in this Opinion and Order.)

The Court calls attention to these deficiencies to remind Plaintiffs that although they are *pro se*, they are not "exempt[ed] . . . from compliance with relevant rules of procedural and substantive law," *Braun v. Client Servs.*, 14 F. Supp. 3d 391, 395 (S.D.N.Y. 2014), and urges Plaintiffs to adhere to their obligation "to inform themselves regarding procedural rules and to

Plaintiffs Kathleen Herman and Jeff Ghiazza owned a trailer (the "Trailer") on Lot 45 of the Riveredge Mobile Home Park in the Town of Cortlandt (the "Town"). (Compl. ¶¶ 5-7, 20.) At the times relevant to this lawsuit, Defendant Robert Dyckman was employed by the Town's Highway Department. (*Id.* ¶ 16.)

On or about February 22, 2016, Plaintiffs discovered that the Trailer was gone. (*Id.* ¶ 21.) They later learned that it had been demolished by Dyckman, who they allege acted "under instruction and order delivered to him" by the Town. (*Id.*; *see id.* ¶ 18 ("[A]t all times . . . the defendant public officials were acting in their public official capacities as agents and employees for . . . [the] Town of Cortlandt . . . .").) Dyckman told Plaintiff Herman that he found it unusual that he had been told to demolish a secured, winterized, furnished trailer but that the Town proceeded with the demolition anyway. (*Id.* at 40.)[3]

**B.   Procedural History**

Plaintiffs initiated this action on March 19, 2018. (*See* ECF No. 1.) While I initially dismissed the case on May 30, 2019, (*see* ECF No. 57), after an intervening Supreme Court decision I vacated that Order on December 27, 2019, (*see* ECF No. 66).

Defendants again moved to dismiss the Complaint on March 3, 2020. (*See* ECF Nos. 85-87.) I issued a bench ruling on December 7, 2020, denying that motion as to Plaintiffs' Takings claim against the Town and Defendants Dyckman and Kehoe in their individual capacities. (*See* Minute Entry dated Dec. 7, 2020.) I issued an additional bench ruling on March 2, 2021,

---

comply with them" going forward, *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008), as this case approaches trial in December.

[3] This citation refers to the page numbering assigned by the Court's Electronic Case Filing ("ECF") system.

granting Defendants' motion to dismiss Plaintiffs' claim for negligent infliction of emotional distress. (*See* Minute Entry dated Mar. 2, 2021.)

After the Court became aware that counsel for the Town had a conflict of interest in representing Dyckman, (*see* ECF No. 144; ECF No. 150 at 4:17-10:12; ECF No. 156 at 18:15-25:24), new counsel came in to represent him, (*see* ECF No. 153), and I granted leave for him to make a motion, (*see* Minute Entry dated Jan. 10. 2023). The instant motion followed. (*See* ECF Nos. 192-96, 211-12, 215.)[4]

## II.   LEGAL STANDARD

### A.   Motion for Judgment on the Pleadings

The Court has not considered materials submitted by the parties outside the pleadings, and thus declines to convert Defendant's motion into one for summary judgment and will instead review it as one for judgment on the pleadings. *See Riley v. Cordis Corp.*, 625 F. Supp. 2d 769, 775 (D. Minn. 2009).

A motion for judgment on the pleadings under Rule 12(c) is evaluated under the same standard as a motion to dismiss under Rule 12(b)(6). *See Lynch v. City of N.Y.*, 952 F.3d 67, 75 (2d Cir. 2020). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

---

[4] Plaintiff Ghiazza submitted opposition to the motion, (ECF Nos. 211-12), but it was not signed by Plaintiff Herman. "As a nonattorney litigant appearing *pro se*," Plaintiff Ghiazza "cannot represent another person in this action." *Tillman v. New York City Dep't of Hum. Res. Admin.*, No. 20-CV-1153, 2020 WL 838223, at *1 n.1 (S.D.N.Y. Feb. 20, 2020). Plaintiff Herman has not opposed the motion, but that is not grounds for granting it. *See Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004) ("Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law."); *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000) (failure to respond to motion to dismiss does not warrant dismissal, because "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law").

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Id.* at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

When reviewing a motion under Rule 12(c), "the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Warren v. Coca-Cola Co.*, No. 22-CV-6907, 2023 WL 3055196, at *3 (S.D.N.Y. Apr. 21, 2023).

B.   *Pro se* **Plaintiffs**

Submissions by *pro se* plaintiffs are to be examined with "special solicitude," *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010), interpreted "to raise the strongest arguments that they suggest," *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), and "held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*).  Nevertheless, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and district courts "cannot invent factual allegations" that the plaintiff has not pleaded.  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

### III.   DISCUSSION

Defendant has moved for judgment on the pleadings on Plaintiffs' sole claim against him: a Fifth Amendment Takings claim in his individual capacity under 42 U.S.C. § 1983.  (*See* D's Mem. at 4-6.)[5]  He contends that a Takings claim cannot be brought against an individual.[6]  I agree.

"The Takings Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, prohibits the government from taking private property for public use without just compensation."  *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001).  "That requirement applies to all physical appropriations of property by the government" and "[w]hen

---

[5] On December 7, 2020, I dismissed Plaintiffs' Takings claim against Dyckman in his official capacity as duplicative of their claim against the Town.  (*See* Minute Entry dated Dec. 7, 2020.)

[6] In connection with his summary judgment motion, Dyckman contends that his conduct does not amount to personal involvement for the purposes of § 1983 and that in any event he is entitled to qualified immunity for his actions.  (D's Mem. at 6-11.)  Because I agree that the claim cannot be brought against him individually as a matter of law, I need not address these arguments.

the government effects a physical appropriation of private property . . . whether by law, regulation, or another means – a *per se* physical taking has occurred." *335-7 LLC v. City of N.Y.*, No. 21-823, 2023 WL 2291511, at *2 (2d Cir. Mar. 1, 2023), *petition for cert. filed*, (U.S. May 30, 2023) (No. 22-1170).[7]

There does not appear to be "any circuit court that has explicitly held that a takings action can be brought against a state official in an individual capacity." *Hinkle Family Fun Ctr., LLC v. Grisham*, No. 22-2028, 2022 WL 17972138, at *4 n.2 (10th Cir. Dec. 28, 2022), *cert. denied*, 143 S. Ct. 2613 (2023) (collecting cases). Indeed, several circuit and district courts have rejected such claims. *See, e.g.*, *Langdon v. Swain*, 29 F. App'x 171, 172 (4th Cir. 2002) (*per curiam*) ("[T]akings actions sound against governmental entities rather than individual state employees in their individual capacities."); *Glow In One Mini Golf, LLC v. Walz*, 37 F.4th 1365, 1374-75 (8th Cir. 2022) (affirming "district court's finding that [defendant] was entitled to qualified immunity on appellants' takings claim" and stressing that "appellants do not point to, nor can we find, any instance in which the Supreme Court or this Court has held a government official individually liable for a government taking.") (collecting cases); *Vicory v. Walton*, 730 F.2d 466, 467 (6th Cir. 1984) ("[A] 'taking without just compensation' in violation of the fifth amendment is an act or wrong committed by a government body" and "[t]he wrongful taking, detention or theft by an individual of the property of another is not a constitutional taking . . . ."); *United States v. Sandwich Isles Commc'ns, Inc.*, No. 18-CV-145, 2019 WL 4017233, at *5 (D. Haw. Aug. 26,

---

[7] A taking may also be "regulatory," rather than physical, if "the government passes a regulation pursuant to its police power which has the effect of depriving a landowner of all economically beneficial use of her land." *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 805 (11th Cir. 2009) (*per curiam*) (citing *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1015 (1992)). Because Plaintiffs allege that they have been physically deprived of the Trailer by virtue of its demolition, the Court construes their claim as a physical taking.

2019) ("[A] Fifth Amendment Takings claim cannot be brought against the Individual . . . Defendants in their personal capacities.").[8]

This absence of case law establishing that Takings claims may be brought against individuals is unsurprising, as "[t]he takings clause of the [F]ifth [A]mendment is a limitation on the government." *Stratta v. Roe*, No. 18-CV-114, 2021 WL 1199634, at *6 (W.D. Tex. Mar. 30, 2021); *see Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2071 (2021) (The Takings clause implicates "a simple, *per se* rule:  The government must pay for what it takes.").

> The very nature of a taking is that a public entity is taking private property for a public purpose, and must provide just compensation in return.  This concept is inconsistent with the notion that someone acting in an individual capacity has taken property or could be personally liable for a taking.  By definition, the taking is not by a private person for private purposes, and the property does not belong to a private person who must accordingly pay just compensation out of private funds.

*Bridge Aina Le'a, LLC v. State of Hawaii Land Use Comm'n*, 125 F. Supp.3d 1051, 1078-79 (D. Haw. 2015), *aff'd sub nom. Bridge Aina Le'a, LLC v. Land Use Comm'n*, 950 F.3d 610 (9th Cir. 2020).  While the Second Circuit has not addressed whether a Takings claim may be brought against state officials in their individual capacities, at least one district court in this Circuit has held that "[o]nly governmental entities, and not individuals, can be liable for takings violations." *Katsaros v. Serafino*, No. 00-CV-288, 2001 WL 789322, at *5 (D. Conn. Feb. 28, 2001).

The Court finds the reasoning of the foregoing cases to be persuasive and agrees that a plaintiff may not bring a Takings claim against a government official in his individual capacity. *See Glow In One Mini Golf, LLC*, 37 F.4th at 1375 ("Supreme Court cases only contemplate

---

[8] To the extent that other circuits do not expressly rule out the possibility that Takings claims might proceed against individuals, they have nevertheless ruled in favor of individual defendants, typically on the basis of qualified immunity.  *See Hinkle Family Fun Ctr., LLC*, 2022 WL 17972138, at *4 n.2 (collecting cases).

government entities – not individual government officials – providing just compensation.") (collecting cases).  In other words, "individual capacity defendants are not liable for federal takings claims."  *Bridge Aina Le'a, LLC*, 125 F. Supp. at 1079.

Accordingly, Plaintiffs' Takings claim against Dyckman in his individual capacity fails as a matter of law.  *See Simonds v. Boyer*, No. 21-CV-841, 2022 WL 11964613, at *4 (W.D. Pa. Oct. 20, 2022) ("There is . . . one fatal problem with [plaintiff's] allegations:  a Fifth Amendment Takings claim cannot be brought against the Individual-Capacity Defendants in their personal capacities" and because "[plaintiff] only brings claims against [defendants] as individuals," "[her] Takings claim under the Fifth Amendment fails as a matter of law.").

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant Dyckman's motion for judgment on the pleadings is GRANTED.  The Clerk of the Court is respectfully directed to terminate the pending motion, (ECF No. 192), and to terminate Defendant Dyckman (incorrectly sued here as Robert Dykeman) as a Defendant.

**SO ORDERED.**

Dated: October 13, 2023
       White Plains, New York

*/s/ Cathy Seibel*
CATHY SEIBEL, U.S.D.J.